# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PAULETTE GARNETT** | * | **CIVIL ACTION NO.:** |
| | * | |
| **versus** | * | |
| | * | **SECTION:** |
| **CHRISTOPHER K. PUGH,** | * | |
| **THE WAGGONERS TRUCKING, INC.** | * | |
| **PROTECTIVE INSURANCE COMPANY** | * | **JUDGE:** |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, come Defendant, Protective Insurance, who files this Notice for Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, respectfully represent the following:

## BACKGROUND

### 1.

This action has been brought in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled *Paulette Garnett v. Christopher K. Pugh, The Waggoners Trucking, Inc., and Protective Insurance Company*, with docket number 734-472 on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, with the petition being filed on January 9, 2014. (*See* Petition for Damages attached as Exhibit "1"; *see also* Copy of the State Court Record, attached as Exhibit "2".)

**2.**

In her petition, Paulette Garnett alleges that on February 5, 2013 she was injured in an automobile accident when a vehicle owned by The Waggoners Trucking, Inc., and being driven by Christopher Pugh and insured by Protective Insurance Company, collided with the rear of the vehicle Garnett was driving.   Exhibit "1".

**3.**

Receipt of notice of the suit was received by Protective Insurance Company on or after February 6, 2014; therefore, removal is timely under 28 U.S.C. §1446(B)(1)-(3).  Specifically, Garnett sought to or has accomplished service on the defendants in the following manner:

   a.  Garnett requested service upon Christopher Pugh through the Louisiana Long-Arm Statute; however, no affidavit of service has been entered into the record establishing that service was accomplished upon him;

   b.  Garnett requested service upon The Waggoners Trucking, Inc. through the Louisiana Long-Arm Statute; however, no affidavit of service has been entered into the record establishing that service was accomplished upon it; and

   c.  Protective Insurance Company was served through the Louisiana Secretary of State on February 6, 2014.

**<u>BASIS OF REMOVAL</u>**

**4.**

The grounds for removal are diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441—each defendant is completely diverse from the plaintiff and the amount in controversy exceeds $75,000.

**5.**

Plaintiff, Paulette Garnett, is a citizen of the State of Louisiana.

**6.**

Defendant, Christopher Pugh, is a citizen of the State of Texas, even though Garnett alleges to the contrary in her petition.

**7.**

The police report taken for the accident between Garnett and Pugh evidences that Pugh's domicile is in the State of Texas.  (*See* February 3, 2013 Police Report, p. 2, attached as Exhibit "3").  According to tax assessor information in Montgomery County, Texas, Pugh has a homestead located in Conroe, Texas.  (*See* Montgomery Central Appraisal District Record R132313 for Christopher K. Pugh, attached as Exhibit "4").[1]  The street address for Pugh's property is 304 Apple Valley, Conroe, Texas, which matches the address identified on the police report.  Similarly, a copy of the driver's license on file with Waggoners also demonstrates that Pugh's domicile is in the State of Texas.  (*See* Texas Temporary CDL Permit for Christopher Pugh, attached as Exhibit "5").  And it is also noteworthy that Garnett herself sought to serve Pugh through the Louisiana Long Arm Statute instead of attempting to serve him in the Parish of Jefferson, Louisiana. (*See* Exhibit "2" at p 27).  Considering all of this evidence, Pugh is correctly considered a citizen of Texas and not Louisiana because his domicile is located in Texas.

---

[1]   Through an "Owner Search" utilizing Pugh's name, this record was found at the Montgomery Central Appraisal District's internet website located at http://www.mcad-tx.org/html/records.html.

**8.**

Defendant, The Waggoners Trucking, Inc. is a foreign business incorporated in the State of Montana with its principal place of business in Oklahoma.

**9.**

Defendant, Protective Insurance Company, is a foreign insurance company incorporated in the State of Indiana, with its principal place of business in Indiana.

**10.**

Because complete diversity exists between the Garnett—citizen of Louisiana—and each properly joined defendant—citizens of Texas, Montana, Oklahoma, and Indiana respectively—diversity of citizenship exists among the parties.

**11.**

Defendant, Protective Insurance, denies liability for any damages sought by Garnett; however, upon information and belief, the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00.

**12.**

Garnett alleges that as a result of this collision, she has been caused to suffer "(a) physical pain and suffering, past, present, and future in a monetary amount to be established; (b) mental anguish and distress, past, present, and future in a monetary amount to be established; (c) permanent disability of back, neck, and head, in a monetary amount to be established; (d) past, present, and future medical expenses in a monetary amount to be established; and (e) past, present, and future lost wages in a monetary amount to be established as well as property damage."  Exhibit "1" at pp. 2-3, ¶ 6.

## REMOVAL PROCEDURE

### 13.

All defendants who have been properly served with Garnett's petition affirmatively consent to the removal of this action.  *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (observing that notice of removal filed before all non-resident defendants served with process still effective). Defendants who have not joined in removal have not been served in the state proceeding.

### 14.

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

### 15.

The state court action was commenced on January 9, 2014, and this removal has been filed within 1 year after its commencement.

### 16.

Venue is proper within the Eastern District of Louisiana because the matter is being removed from Division J of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana—a court which the Eastern District of Louisiana embraces, and more specifically:

> Hon. Stephen C. Grefer
> 24th Judicial District Court for the
>        Parish of Jefferson, State of Louisiana
> Division J
> 200 Derbigny St. Ste. 4400
> Gretna LA 70053
> Phone:  504/364-3916
> Facsimile: 504/364-3914

**17.**

Under 28 U.S.C. § 1446(d), the movers affirm that they will give written notice of this removal to all adverse parties and will file a copy of the Notice with the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**18.**

Pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers identify all counsel as follows:

a. *Counsel for Plaintiff—Paulette Garnett*
   Allen H. Borne, Jr.
   Borne Law Firm
   4902 S. Claiborne Ave.
   New Orleans, Louisiana 70125
   Phone:  504/899-1234
   Facsimile:  504/899-1230

b. *Counsel for Defendant—Protective Insurance Company*
   John E. Galloway
   Andrea L. Albert
   Galloway, Johnson, Tompkins, Burr & Smith
   #3 Sanctuary Boulevard, Third Floor
   Mandeville, Louisiana  70471
   Phone:  985/674-6680
   Facsimile:   985/674-6681

**19.**

Further pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers attach a copy all state court pleadings, including any answers, along with the return of service of process filed in state court so far.  *See* Exhibits "1" and "2".

**20.**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal.  She likewise certifies that to the best of her knowledge, information, and belief formed after reasonable inquiry, the Notice is well-

grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

**WHEREFORE,** Defendant, Protective Insurance, prays that this Notice be accepted as good and sufficient, and that this civil action be removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court for trial and determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, APLC**

/s/ Andrea L. Albert
**JOHN E. GALLOWAY (#5892)
ANDREA L. ALBERT (#27353)**
3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471
Telephone:  985-674-6680
Facsimile:  985-674-6681
*Counsel for Defendant, Protective Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2014 a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

/s/ Andrea L. Albert
**ANDREA L. ALBERT**