UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARNETT                                    CIVIL ACTION

VERSUS                                     NO: 14-479

PUGH ET AL.                                SECTION: "J" (4)

## ORDER & REASONS

Before the Court is Plaintiff Paulette Garnett's *Motion In Limine Regarding Evidence of Prior Arrest for Operating a Vehicle While Intoxicated, First Offense* **(Rec. Doc. 48)** as well as Defendants Christopher Pugh, The Waggoners Trucking (Waggoners), and Protective Insurance Company (Protective)'s opposition thereto. (Rec. Doc. 57) Having considered the motion and memoranda of the parties, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This action arises out of a rear-end collision involving Garnett and a tractor-trailer combination owned by Defendant Waggoners on February 5, 2013. (Rec. Doc. 27-30, p. 1-2) The facts surrounding the rear-end collision are in dispute. At or around the time of the collision, Garnett alleges she was driving in the left lane of US 90B, also known as the "Westbank Expressway," near its intersection with Westwood Drive in Jefferson Parish, Louisiana. (Rec. Doc. 27-30, p. 2) At or

around that same time, Garnett alleges that a Waggoners 2012 Kenworth tractor with flatbed trailer, operated by Waggoners employee Christopher Pugh, was traveling behind her vehicle. Jeremy Davis (Davis), Pugh's son and also a Waggoners' employee, rode with Pugh as the alleged co-driver on the trip. Id. Garnett asserts that she observed the traffic signal change from green to yellow as she approached the intersection of Westwood Drive and slowed her vehicle to a stop accordingly. Id. The tractor-trailer operated by Pugh then collided with the rear of her vehicle. Id. Although Garnett admitted in her deposition testimony that she changed lanes before the collision, the parties dispute the specific time this occurred. (Rec. Doc. 35, p. 2) Although Garnett asserts that her lane change did not contribute to the accident, Waggoners alleges that Garnett changed lanes and stopped abruptly in a way that left Pugh without enough time and distance to stop the tractor-trailer. (Rec. Doc. 27-30, p. 2-4)

Subsequently, Garnett filed suit in the 24th Judicial District of Louisiana against Pugh, Waggoners, and Protective on January 9, 2014. (Rec. Doc. 1, p. 1) Thereafter, Protective removed the action to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 on February 28, 2014. (Rec. Doc. 1) Garnett filed the instant motion on March 18, 2015, seeking to exclude any and all evidence, including witness testimony, regarding

Garnett's prior arrest for a first offense operating a vehicle while intoxicated charge that occurred several years prior to the rear-end collision at issue in this case. (Rec. Doc. 48) Defendants timely opposed the motion on March 31, 2015. (Rec. Doc. 57)

## PARTIES' ARGUMENTS

Garnett moves the Court to exclude any and all evidence of a prior arrest for "Operating a Vehicle while Intoxicated, First Offense," because Garnett was acquitted of the charge in accordance with the provisions of Louisiana Code of Criminal Procedure Article 894. Garnett first argues that because she was acquitted, she was not convicted of the charge. Alternatively, Garnett argues that even if she was not "technically acquitted of the charge," any and all evidence regarding the charge, including witness testimony, is still inadmissible under Federal Rule of Evidence 609(c)(1). Specifically, Garnett argues that because the court set aside her conviction, dismissed the prosecution, and granted a judgment of acquittal under Louisiana Code of Criminal Procedure article 894, the evidence is inadmissible because the conviction was "the subject of a certificate of rehabilitation, or other equivalent procedure based on a finding that the person has been rehabilitated as defined by Federal Rule of Evidence 609(c)(1)."

Defendants argue that although they have not yet raised this particular issue in any pleading or hearing before this Court, Garnett's allegations lack merit and the instant Motion *in Limine* should be denied. First, Defendants assert that Garnett has incorrectly stated that evidence of her prior arrest and guilty plea is inadmissible in this case based on Louisiana Code of Criminal Procedure Article 894. Specifically, they argue that (1) this article does not necessarily apply to civil lawsuits, (2) Garnett has failed to cite to any civil case that excludes evidence of a prior arrest or criminal conviction pursuant to Article 894, and (3) under Article 894, a dismissal still "may be considered as a prior offense and provide the basis for subsequent prosecution." Furthermore, Defendants challenge Garnett's allegation that because she was not "convicted" of a crime punishable by death or by imprisonment for more than one year, her arrest and guilty plea are not admissible under Federal Rule of Evidence 609. In so doing, they suggest that Garnett's conviction is one involving a dishonest act or false statement.

## LEGAL STANDARD

Federal Rule of Evidence 609 governs the use of prior criminal convictions for impeaching witnesses. When impeaching a witness's character for truthfulness by evidence of a criminal conviction, evidence of a crime that was punishable by death or

by imprisonment for more than one year in the convicting jurisdiction must be admitted in a civil case, subject to Rule 403 of the Federal Rules of Evidence.[1] FED. R. EVID. 609. Furthermore, regardless of the punishment, evidence of any crime in which "the court can readily determine that that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement," must be admitted. FED. R. EVID. 609.

## DISCUSSION

Federal Rule of Evidence 609 admits evidence of crimes punishable by death or imprisonment for more than one year, or crimes, regardless of punishment, involving dishonesty or false statements. See FED. R. EVID. 609. The Court finds that Garnett's arrest and guilty plea to Louisiana Revised Statute 14:48, or to

---

[1] The pertinent part of Federal Rule of Evidence 609 reads,

> a) **In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
>> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>
>>> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant…
>>
>> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

FED. R. EVID. 609.

a first offense driving while intoxicated charge ("DWI"), does not fall within the crimes that must be admitted into evidence under Federal Rule of Evidence 609. (Rec. Doc. 48-3) Garnett's first offense DWI charge carries a possible sentence of no more than six months in Louisiana and does not require proof of dishonest acts or false statements. See LA. REV. STAT. ANN. § 14:98.1 (2015). Therefore, any evidence regarding Garnett's DWI is not subject to the requirements of Rule 609. See United States v. Nichols, 808 F.2d 660, 664 (8th Cir. 1987)(affirming the district court's refusal to admit a witness' previous conviction for driving while intoxicated for impeachment purposes under Rule 609 because the crime neither carried a sentence of death or imprisonment for more than one year nor involved dishonesty or false statement); see also United States v. Entrekin, 624 F.2d 597, 598-99 (5th Cir. 1980) (noting that the district court properly excluded evidence of "the witness' prior conviction for shoplifting because the crime neither was punishable by death or imprisonment in excess of one year nor involved dishonesty or false statement within the meaning of Fed. R. Evid. 609(a)(2)"); United States v. Houston, 481 F. App'x 188, 193 (5th Cir. 2012) (finding that the district court committed error in allowing evidence of a misdemeanor shoplifting conviction and revocation of Houston's probation based on that conviction on cross-examination, over objection).

Because the Court finds that Garnett's prior conviction is not admissible under Rule 609(a), the Court will exclude such evidence.[2] See Entrekin, 624 F.2d at 598-99. Accordingly,

**IT IS HEREBY ORDERED** that Garnett's *Motion In Limine Regarding Evidence of Prior Arrest for Operating a Vehicle While Intoxicated, First Offense* (**Rec. Doc. 48**) is **GRANTED.**

New Orleans, Louisiana this 10th day of April, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] Both parties spend a considerable amount of time within their briefs discussing whether Garnett's completion of probation, conviction being set aside, prosecution dismissal, and judgment of acquittal pursuant to Louisiana Code of Criminal Procedure Article 894 constitute a "certificate of rehabilitation" under Federal Rule of Evidence 609. However, the Court does not find it necessary to reach this issue, because the Court excludes evidence of Garnett's first offense DWI on other grounds.